# EXHIBIT B

# DECLARATION OF DONALD VINCENT KEITH

I, Donald Vincent Keith, under penalty of perjury, declare as follows:

"My name is Donald Vincent Keith. I am making this declaration in support of Defendant's Motion for Summary Judgment. I have personal knowledge of the facts stated herein and could testify to these matters if called upon to do so.

"I'm the defendant in this case. I was a homebuilder and owner of the business Coyote Design

"Foxworth-Galbraith Lumber Company ("Foxworth) is a creditor of and vendor for Coyote Design and Build LLC ("Coyote") that sells lumber and a wide range of building supplies. Prior to my interactions with Plaintiff, I had done business with Foxworth for approximately fifteen (15) years. In that time, I had never received a delinquency notice or written demand from Foxworth, and I had never had Foxworth consider me in arrears if an invoice were paid within 90 days. I had never heard of anyone ever considered in arrears if payment were made within 90 days. TexMix is a company that was a creditor and vendor for Coyote that sells concrete.

"In approximately mid-July 2021, Lendio contacted me unsolicited regarding a loan. All of my conversations prior to the transaction at issue were through Lendio. Through all those conversations, Lendio characterized this transaction as a loan. During a call with Lendio, I informed Lendio that the purpose of any money I would borrow would be to pay creditors in my business, Coyote, such as TexMix and Foxworth. The only documents I was requested to provide for consideration for the loan were six months of bank statements, which I provided. I also provided a voided check at their request so they could deposit the funds into the account. I did not fill out the Application in question, did not see the Application until I was shown the form by my attorneys in this adversary proceeding, and did not sign the Application.

"Later, I did e-sign a document sent to me, but other than knowing it was not the Application, I cannot recall which document that was. When I signed the contract with Kapitus, any information I provided was accurate to the best of my knowledge. I did not consider myself in arrears in any debt

at the time that I signed the agreement. I knew I owed money, but I didn't consider myself overdue based on my experience and lack of letters from creditors.

"On approximately August 11, 2021, after obtaining funds from Plaintiff, I paid TexMix $25,000.00 from the account that the Kapitus funds were deposited into. In approximately August 12, 2021, I paid Foxworth $50,000.00 from the account that the Kapitus funds were deposited into. The balance of the funds was left in the account for Kapitus to start drawing payments from. Attached as Exhibit 1B to this Declaration are true and correct copies of checks paid to Foxworth and TexMix.

"Homeowners can go to a bank and take out a loan to build a house. The loan is in the homeowner's name. Once a percentage of the work is complete, the homebuilder can draw on the funds that are at the bank from the loan that the homeowner's took. These are referred to as "interim loans." At the time I first spoke with Lendio and received the funds from Kapitus, Coyote had six profitable home construction jobs in progress and at least six additional construction jobs scheduled to begin after the proceeds were received. The homeowners for these jobs had taken out interim loans from Bancorp South, which Coyote would typically draw from in order to complete the home construction. The income that Coyote ultimately received from these contracts were built in to the interim loan. This means that, once all the bills and materials were paid for and once the job was complete, the leftover amount previously agreed to was the actual income Coyote made from the job.

"On approximately August 24, 2021, despite just having been paid $50,000, Foxworth stopped selling me any product and sent an Intent to Lien letter to BancorpSouth, the bank where I was drawing interim funds from the homeowners' loans. That same day, I was contacted by a representative from BancorpSouth, who let me know that because of the letter from Foxworth, all further draws would be halted. Without being able to draw out funds, I was effectively and suddenly unable to run my business and continue and complete the six homes in progress, nor start those in the pipeline. Shortly thereafter, Coyote was sued by creditors and the homeowners it had contracted with. I was a personal guarantor on many of those loans, so I was personally plagued by litigation as

well. This led to me consulting a bankruptcy attorney the next month and then filing for Chapter 7 bankruptcy on December 22, 2021.

"Coyote had an account at BancorpSouth specifically so that money from the interim loans could be transferred to that account and made available immediately. Otherwise, a check would have had to be issued by Bancorp, which would have led to a multiple-day delay in available funds. This allowed the building process to continue without additional delay. Once the funds were made available in the Bancorp account, I transferred them to the Extraco account. All of the bills incurred by Coyote were paid out of the Extraco account. The Extraco account was the main business account for Coyote. I never denied Kapitus access to any account, I never instructed the bank to stop payment, and I was not receiving any income after Foxworth's actions led to Bancorp denying me access to any funds.

"When Foxworth, without any prior indication, stopped selling any more building supplies to Coyote, and then Foxworth's letter to the bank shut off all sources of income, Coyote had no more funds with which to pay the Plaintiff. With all of its sources of income terminated and no means to obtain supplies to complete projects, Coyote's bank account at Extraco Bank became overdrawn, especially due to Plaintiff's daily draws on that account which continued to overdraft the account. None of the funds were used for nonbusiness purposes.

"The sole purpose of the funds obtained from Kapitus was to pay existing vendors to maintain supplies to continue to complete projects. TexMix and Foxworth were unsecured creditors of Coyote. I would have never paid these unsecured creditors, nor borrowed one penny to do so, had I had the slightest belief that Foxworth (who was still selling my supplies at the time) would take the $50,000 and then immediately cut Coyote off and act to block future advances from the bank."

"I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 4, 2023.

DONALD VINCENT KEITH

EXHIBIT #1B



Check 0 Amount $25,000.00 Date 8/11/2021

KEITH000001



Check 1423 Amount $50,000.00 Date 8/12/2021